JOHN P. MELHADO, demandante y apelante, *v.* LAS SUCESIONES DE FRANCISCO BERMÚDEZ y ROSA RODRÍGUEZ DE BERMÚDEZ, COMPUESTA DE FRANCISCO, JOSÉ, CONRADO, RAMÓN, José conocido por RAMÓN, RAFAEL, PEDRO, MAGDALENA, ROSA y MONSERRATE BERMÚDEZ Y RODRÍGUEZ, demandados y apelados.

No. 4065.—*Visto:* Febrero 4, 1927. *Resuelto:* Mayo 26, 1927.

CONTRATOS—ACCIONES POR INCUMPLIMIENTO—DERECHO DE ACCIÓN—CONTRATO QUE NO HA EXISTIDO.—Aquel que queriendo tomar en arrendamiento un inmueble perteneciente a varios condueños lo hace dirigiéndose no al apoderado de éstos ni a cada uno de dichos condueños sino a uno solo que no está autorizado para ello ni por el primero ni por los segundos, no tiene derecho a reclamar daños y perjuicios por la violación de un contrato que no existió.

SENTENCIA de *Charles E. Foote,* J. (Mayagüez), desestimando demanda de daños y perjuicios por incumplimiento de contrato, con costas. *Confirmada.*

*Pascasio Fajardo Martínez,* abogado del apelante; *José Sabater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

John P. Melhado demandó a los componentes de la sucesiones de Francisco Bermúdez y Rosa Rodríguez, que son ocho hermanos que se designan en la demanda, reclamándoles una indemnización de $16,000 como daños y perjuicios por violación de un contrato de arrendamiento de cierta finca urbana. Se alegó substancialmente en la demanda

que allá en septiembre de 1924 el demandante convino oralmente con los demandados que éstos reconstruirían una casa de su propiedad que estaba en ruinas con motivo de los últimos temblores que ocurrieron en Mayagüez y que la reconstrucción se haría de acuerdo con los planos que el demandante propondría para instalar un taller para la fabricación de ropas de niños, pañuelos, toallas, etc.; que se convino que tan pronto fuese reconstruída la casa, sería entregada al demandante en arrendamiento por el término de cuatro años a partir del día de la entrega, la que debía verificarse en enero 1, 1925, mediante pago de un canon de $90 mensuales, pagaderos el día último de cada mes; que la casa fué terminada y los demandados, en violación al convenio, arrendaron a un tercero; que debido a tal violación del contrato el demandante se ha visto obligado a permanecer con su negocio reducido, sin que haya podido agrandarlo y que con el trabajo que tenía contratado para el futuro y durante los cuatro años de arrendamiento de la casa, su negocio le produciría la suma de cuatro mil dólares cada año.

Los demandados negaron que ellos hubieran celebrado contrato alguno con el demandante, ni oral ni escrito, respecto a la reconstrucción de la casa y su arrendamiento. Alegan que fallecidos los padres de los demandados, todos los hermanos nombraron de apoderado por escritura pública al hermano mayor Francisco Bermúdez y que dicho apoderado nunca realizó contrato alguno con el demandante. Alegan también que si bien uno de los herederos sin estar autorizado por el apoderado ni por sus demás hermanos prometió verbalmente arrendar la casa al demandante sin término fijo, y sin que mediara consideración alguna por dicha promesa, dicho demandante durante la reedificación renunció a la promesa y de ese modo quedó desligado de dicha promesa el demandado Pedro Bermúdez.

La corte inferior con vista de la prueba sentó como probados los siguientes hechos:

"1. Pedro Bermúdez, un miembro de las sucesiones demandadas, hizo una promesa al demandante de arrendarle, cuando estuviere reconstruída, una casa sita en la calle de Hostos de esta ciudad, propiedad en pro indiviso de las sucesiones demandadas, por el canon de $90.00 pagadero por mensualidades vencidas.

"2. El demandante deseaba que la reconstrucción de la casa de referencia se hiciera en ciertas condiciones con el objeto de utilizar la casa para la manufactura de bordados; pero sobre estos particulares Pedro Bermúdez tuvo discusiones con el demandante, porque todo lo que pedía éste no deseaba hacerlo Pedro Bermúdez.

"3. Pedro Bermúdez es y era condueño de dicha casa por partes iguales con sus demás ocho hermanos y éstos nunca contrataron con el demandante ni dieron su conformidad a tal arrendamiento.

"4. La casa después de reconstruída no fué arrendada ni entregada al demandante; sino que el mayor de los hermanos demandados, Francisco Bermúdez, quien tiene poder de todos ellos por escritura pública y quien según costumbre, era el que realizaba y formulaba todos los negocios en relación con los bienes pro indiviso de los demandados, la arrendó a un tercero."

La prueba establece claramente que siendo ocho los hermanos Bermúdez, siete de ellos habían otorgado poder al hermano mayor Francisco, quien era el que se entendía en todo lo que se refería a la administración de los bienes de la sucesión Bermúdez y cuyos bienes estaban indivisos. No hay nada que demuestre directa ni indirectamente que el demandante se entendiera con Francisco Bermúdez, apoderado de todos sus hermanos, para el arrendamiento a que se refiere la demanda. De labios del demandante, quien declaró en su defensa, no sale una vez siquiera el nombre de Francisco, ni que en ningún momento se entendiera con él en las negociaciones del arrendamiento de la casa. Ciertamente que él residía en Añasco y que por indicaciones de sus hermanos residentes en Mayagüez se realizaban ciertos negocios en relación con los bienes de la sucesión, pero esas

indicaciones por sí solo no establecían convenio alguno, tratándose de muchos, igualmente interesados en los bienes, y la idea del otorgamiento del poder de todos a uno era una demostración de darle uniformidad a cualquier negociación y que su aceptación final correspondía al apoderado por representar éste la voluntad de todos.

A pesar de que trató de demostrar el demandante que el arrendamiento era de importancia para los fines de su negocio o industria, él no parece que hizo esfuerzo alguno de conocer la condición legal del inmueble, el que pertenecía a ocho condueños, cada uno con partes iguales. El no podía arrendar la totalidad del inmueble sin contar con el consentimiento de cada condueño, y si no consiguió o se dirigió a la voluntad directora con poder de ultimar cualquier convenio, el demandante no puede quejarse. El pudo también dirigirse a cada condueño, pero no lo hizo. El se conformó con tratar con uno de los herederos, Pedro Bermúdez, quien no aparece que estuviera autorizado por su hermano Francisco ni por sus demás hermanos para celebrar convenio alguno. Y en cuanto a las negociaciones, por más que sucedieron entre Pedro Bermúdez y el demandante, la prueba es contradictoria. Durante el curso de la reedificación surgieron diferencias entre uno y otro. De un lado el demandante sostiene que él mantuvo su convenio, y de otro Pedro Bermúdez declara que una de las veces que fué a la oficina del demandante, éste en forma violenta dió por terminada toda ulterior negociación en relación con el arrendamiento.

Por lo demás no encontramos que se haya cometido error fundamental alguno ni que haya habido por parte de la corte inferior pasión, prejuicio o parcialidad al apreciar la prueba.

*Debe confirmarse la sentencia apelada.*